**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| EDWARD ROBINSON, | : | |
| Plaintiff, | : | Case No.  3:06CV00329 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, | : | |
| | : | |
| Defendant. | | |
| | : | |

**DECISION, ENTRY, AND ORDER**

Plaintiff Edward Robinson brings this case *pro se* challenging the termination of his employment as an Airport Screener with the United States Department of Homeland Security.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  The Court also previously conducted a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)(2) and determined that when Plaintiff's allegations are liberally construed in his favor, he seeks to raise claims of race and color discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.  *See Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). The Court, however, further determined that Plaintiff's Complaint did not present any information indicating that he had met the prerequisites for filing the present case, particularly concerning any claims he filed with the United States Equal Employment Opportunity Commission ("EEOC") and whether or not the EEOC issued to him a notice of right to sue.  The

Court thus directed Plaintiff to file a First Amended Complaint containing further information about his administrative proceedings. (Doc. #6). The Court also promised a further *sua sponte* review after Plaintiff filed his First Amended Complaint. (Doc. #6 at 4).

Plaintiff did not file a First Amended Complaint; he instead filed a copy of a right to sue letter. (Doc. #7). Defendant then filed an Answer (Doc. #9) as well as a Motion to Transfer Case to a More Convenient Forum (Doc. #11), which is supported by additional information concerning Plaintiff's administrative proceedings (Doc. #13). In light of these documents, the record now contains sufficient information about Plaintiff's administrative proceedings to permit the conclusion that *sua sponte* dismissal of the Complaint is not warranted under 28 U.S.C. §1915(e)(2)(B). Defendant apparently agrees with this conclusion, at least implicitly, through his Answer.

This case is therefore presently pending upon Defendant's Motion to Transfer. Although the Court provided Plaintiff with Notice of Defendant's Motion and informed him of the need to oppose Defendant's Motion not later than February 23, 2007 (Doc. #12), Plaintiff has not opposed Defendant's Motion to Transfer.

Section 1404(a) of Title 28 of the United States Code provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of such a transfer is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

In deciding whether or not to transfer venue, the threshold consideration is whether the

action might have been brought in the transferee court. *See id*. Civil actions in which an employee or agency of the United States is a defendant may be brought in any judicial district in which: (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides. *See* 28 U.S.C. §1391(e).

Since all of the alleged events and omissions giving rise to Plaintiff's claims occurred at the Cincinnati-Northern Kentucky International Airport in Erlanger, Kentucky, this case might have been properly brought in the United States District Court for the Eastern District of Kentucky, Northern Division, Covington, Kentucky. *See id*.; *see also* 28 U.S.C. §97(a). Because of this, the Court next considers the private interests of the parties and the public's interests in the administration of justice in evaluating whether transfer is justified. *See Jamhour v. Scottsdale Insurance Co*., 211 F.Supp.2d 941, 945 (S.D. Ohio 2002)(Sargus, D.J.). The pertinent interests include the "relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses...; and all other practical problems that make trial of the case easy, expeditious and inexpensive." *Id*. The pertinent interests also include any concerns about "docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding a trial in a community where the public affected live, and the familiarity of the court with the controlling law." *Id*. Additional factors, such as the nature of the suit, the place of the events involved and the parties' residences also apply. *See id*.

In the absence of opposition by Plaintiff to Defendant's Motion to Transfer, Defendant has established that the above interests warrants an Order transferring this case to the United States District Court for the Eastern District of Kentucky, Northern Division in Covington,

3

Kentucky.  Plaintiff's claims of racial and retaliatory discrimination arose out of his employment at the Cincinnati-Northern Kentucky International Airport in Erlanger, Kentucky.  All of the Plaintiff's supervisors, including Federal Security Director Paul Wisniewski, who ultimately approved Plaintiff's termination, still work for the Transportation Security Administration ("TSA") at the Cincinnati-Northern Kentucky International Airport.  Other non-supervisory personnel, whose testimony may be required to support either parties' contentions, are also employed there by TSA.  In addition, all documents related to Plaintiff's claims, including those that form the basis of his termination, are located at the Cincinnati-Northern Kentucky International Airport.  Other than Plaintiff's residence in Dayton, Ohio, this case has no meaningful, or even arguable, connection to the Southern District of Ohio.

Accordingly, Defendant's Motion to Transfer Case to a More Convenient Forum is well taken.

### IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Transfer Case to a More Convenient Forum (Doc. #11) is GRANTED;

2. The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Kentucky, Northern Division in Covington, Kentucky; and

3. The case is terminated on the docket of this Court.

March 2, 2007                                                         s/THOMAS M. ROSE

_____
Thomas M. Rose
United States District Judge